[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON OBJECTIONS TO REQUEST FOR PRODUCTION
Two companion cases presently before the court arise out of a fire that occurred at the Pizza Connection Inc. a restaurant in Hartford Connecticut. The insurer in its action seeks a ruling by the court that it has no obligation to honor a policy of insurance it had on the premises. The insured has brought an action in which it claims the insurer has failed to honor its policy.
A Mr. and Mrs. Citino are either the sole stockholders in the corporation or the majority stockholders. In the action by the insured against Aetna the insured objects to the insurer's request for production directed against the Citino's which asks the plaintiff Pizza Connection to produce the Citinos' credit card statements for the year of the fire 1991 and the hotel bill and airline ticket purchases for a trip to St. Martins allegedly taken by the Citinos in June 1991 the month in which the fire occurred. In the action brought by the insurer, Aetna the insurer has filed a request for production directed to the Citinos requesting the defendant Pizza Connection produce certain photographs taken by the Citinos during their vacation to St. Martin's and state and federal income tax returns filed by them. Apparently at a deposition of Mrs. Citino she testified that on the date of CT Page 7785 the fire she and her husband were vacationing in St. Martins.
The pleadings in both cases make it apparent that one of Aetna's claims is that the fire was a deliberate act of arson brought about by or at the direction of agents, servants or employees of the Pizza Connection. Of course the insured denies these allegations.
Given the broad definitions of materiality in the practice book I believe this information is material. But Pizza Connection Inc. raises the objection that it has no control over or obligation or ability to deliver to the insurer the above mentioned items which are in the personal possession or under the control of the Citinos who are not parties of record in either one of the suits.
I regard the requests made here as requests for production under § 227 of the Practice Book.
The practice book for discovery, purposes makes distinctions throughout the discovery rules between "parties" and "persons" and the obligations each might have to comply with discovery.
Section 216 PB, the definition section, says a "party" is a person named in the action as a party or "an agent employee, officer or director of a public or private corporation . . . named as a party in the action."
The general discovery provision, § 218 PB, differentiates between a "party" and a "person" as entities subject to discovery. This reference makes it clear that under certain circumstances a "person" who is not in any way a "party" to an action can be subjected to discovery procedures. The sections dealing with the service of interrogatories, § 223 PB, and requests for production § 227 PB, indicate that these discovery devices only can be served upon and only apply to a "party".
There appear to be two situations in which a "person" not a "party" can be subject to some from of discovery. Under § 229 PB a physical or mental examination of "a party, or of a person in the custody of or under the legal control of a party" can under appropriate circumstances can be ordered by the court. CT Page 7786
Also under deposition practice, § 243 PB, a deposition can be taken "of any "person" including a party."
Since the items sought here are made pursuant to a Request for Production under § 227 PB they only can be sought if the Citinos are parties under PB § 216(2). Under that definition they are not "person(s) named as a party in the action." They could still be a party if they were "agent(s) employee(s), officer(s), or director(s)" of the Pizza Connection. The only matter the parties stipulated to was that the Citinos were sole or majority stockholders. That would not necessarily bring them within the definition set forth in PB § 216(2). If they are agents or officers of the Pizza Connection they probably would be subject to PB § 227 discovery.
This does not mean that a party can't procure documents or other tangible items through discovery from a person who is not a party. To do so deposition procedure must be resorted to by the party. Pursuant to the deposition a subpoena can be issued, § 245(c), and a person served with such a subpoena can object to the production requested under § PB 245(d). This seems to be a sensible way to procure discovery of documents etc. from non party persons since the subpoena gives them fair notice of the request, gives the party seeking discovery a mechanism to provide notice, allows the person served to object and permits the court to refuse to order compliance upon appropriate grounds.
Under the circumstances before me now I cannot order the discovery requested in CV92 0511039 or CV93 052 6628 since as noted this is a Request for Production under § 227 P.B.
Corradino, J.